IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-143-D
No. 5:13-CV-801-D

| | | |
|---|---|---|
| MAJOR RAY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On November 19, 2013, Major Ray Brown ("Brown") moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [D.E. 43]. On March 19, 2014, Brown moved for a sentence reduction under Rule 35(b) of the Federal Rules of Criminal Procedure [D.E. 55]. On March 25, 2014, the government moved to dismiss Brown's section 2255 motion [D.E. 56]. On April 18, 2014, Brown responded in opposition to the government's motion [D.E. 61]. On May 30, 2014, Brown supplemented his response [D.E.62]. As explained below, the court grants the government's motion to dismiss, dismisses the section 2255 motion, and denies the Rule 35 motion.

I.

On December 10, 2012, pursuant to a plea agreement [D.E. 33], Brown pleaded guilty to counts one and two in a six-count indictment. See [D.E. 32]. Count one charged distribution of a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). Count two charged using and carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). See [D.E. 1, 33]. On March 20, 2013, the court sentenced Brown to 72 months' imprisonment on count one, and a consecutive 60 months' imprisonment on count two. See [D.E.

38]. Brown did not appeal, and his time to do so expired no later than April 3, 2013, at which point his judgment of conviction became final. See Fed. R. App. P. 4(b)(1); Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

Brown makes two claims. First, Brown claims that his counsel was ineffective by incorrectly advising him as to the drug quantity; therefore, his guilty plea is invalid. Second, Brown claims that his attorney was ineffective by failing to object at sentencing to his drug weight based on Alleyne v. United States, 133 S. Ct. 2151 (2013). In response, the government moves to dismiss Brown's section 2255 motion for failure to state a claim upon which relief can be granted. [D.E. 56]; see Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The

2

court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Furthermore, in evaluating Brown's claims, the court must accept his factual allegations as true, except to the extent those allegations contradict his prior sworn statements to the court. See United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005).

First, Brown contends that his guilty plea is invalid because his counsel allegedly misadvised him about his drug quantity. See [D.E. 43] 4; [D.E. 61] 3. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S.

3

Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Brown's first claim fails based on the Rule 11 proceeding. Regardless of what Brown's counsel told him about drug weight concerning count one, this court advised Brown that count one alleged that on or about August 9, 2010, Brown unlawfully and intentionally distributed a quantity of cocaine base (crack). See Arraignment Tr. [D.E. 51] 20. The court also advised Brown about the maximum term of imprisonment for count one. Id. 21. Under oath, Brown stated that he understood the charge and the potential penalties. Id. 20–21. Under oath, Brown also stated that he understood the sentencing process, that any estimates about his sentence or the advisory guideline range were not binding on the court, and that the court could sentence him up to the statutory maximum of 240 months' imprisonment on count one. See id. 23–27. Brown then pleaded guilty to count one. Id. 29. In light of the Rule 11 proceeding, Brown has failed to plausibly allege prejudice flowing from his attorney's alleged failure to inform him about the impact that drug weight might have on his sentence. See, e.g., Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010). Accordingly, the court dismisses his first claim of ineffective assistance of counsel.

Next, Brown argues that his counsel was ineffective for failing to object to the drug quantity under Alleyne. See [D.E. 43] 4; [D.E. 61] 4. At sentencing, the court held Brown accountable for

4

39.97 grams of cocaine base (crack) and 14.175 grams of cocaine. See PSR [D.E. 35] ¶ 46; Sentencing Tr. [D.E. 52] 4–5; Fed. R. Crim. P. 32(i)(3)(A).

Alleyne does not help Brown. Simply put, Alleyne does not apply retroactively on collateral review. See, e.g., In re Mazzio, No. 13-2350, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

Alternatively, even if Alleyne did apply retroactively, it would not help Brown. Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, No. 12–4522, 2014 WL 2109806, at *11–12 & n.4 (4th Cir. May 21, 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 44–45 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). Accordingly, Brown's Alleyne claim fails.

After reviewing the claims presented in Brown's motion, the court determines that reasonable jurists would not find the court's treatment of any of Brown's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 56], and DISMISSES Brown's section 2255 motion [D.E. 43]. The court also DENIES Brown's motion for a sentence reduction under Fed. R. Crim. P. 35(b) [D.E. 55]. Finally, the court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 7 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge