| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **AGREEMENT** |
| | ) | **TO REVOKE SUPERVISED RELEASE** |
| v. | ) | **WITHOUT A HEARING** |
| | ) | **AND** |
| MAJOR RAY BROWN | ) | **REVOCATION JUDGMENT** |
| | ) | |

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Major Ray Brown, for good cause shown and based on agreement of the parties as set forth herein:

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive the right to a revocation hearing by knowingly and voluntarily admitting the violations outlined in a motion for revocation. See Fed. R. Crim. P. 32.l(b)(2), (c)(2); United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. See Farrell, 393 F.3d at 500; United States v. Stehl, 665 F.2d 58, 58–60 (4th Cir. 1981); see also Fed. R Crim. P. 32.l(c)(1)-(2).

## ADMISSION OF VIOLATIONS

The defendant knowingly and voluntarily admits the violations in the Motion for Revocation filed March 1, 2024. The Government can prove by a preponderance of the evidence violations have occurred. The defendant further stipulates the evidence in this matter is both sufficient and likely to result in a finding that the conditions of supervised release have been violated. Specifically, the defendant has committed the following violations of supervised release:

1. Criminal Conduct                                             Grade A Violation

2. Possession of a Firearm                                 Grade B Violation

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges reviewing with counsel 1) the notice of the alleged violations of supervised release and 2) the evidence related to each. The defendant further acknowledges being aware of the following rights and is knowingly waiving them:

1. The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing;

2. The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court;

3. The right to present any argument based on United States v. McLaurin, 168 F.4th 693 (4th Cir. 2026) and United States v. Rogers, 961 F.3d 291 (4th Cir. 2020), at a revocation hearing or at any time in the future; and

4. The right to appeal or collaterally attack any final order or judgment implementing the parties' agreement to resolve this matter, including any appeal pursuant to 18 U.S.C. § 3742, and further waive any right to contest the judgment or order in any post-conviction proceeding. Excluded from this waiver is an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time the agreement was signed. The foregoing appeal waiver does not constitute nor trigger a waiver by the United States of any of its rights to appeal provided by law.

The defendant acknowledges the Court may revoke, modify, or impose additional conditions of supervised release in addition to those which were imposed in the original sentencing order.

## STIPULATIONS AND RECOMMENDATIONS

Pursuant to U.S.S.G. Chapter 7 Policy Statements, the parties stipulate the defendant's violation is a maximum Grade A with a criminal history category IV. According to U.S.S.G. § 7C1.5, and where the defendant was on supervised release as a result of a sentence for a Class A felony, a Grade A violation and a criminal history category IV produces an imprisonment range of 37 to 46 months. The court has the statutory authority to impose an active sentence of up to 60 months, if deemed appropriate.

Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the parties agree and recommend that the defendant **be revoked and imprisoned for a term of 44 months with no supervision to follow**. If the Court rejects this sentence, each party has the right to withdraw from this Agreement and have an evidentiary hearing on the revocation of supervised release.

*Major Ray Brown*

4/17/2026

Major Ray Brown, Defendant                          Date

*Aaron Davison*

4/17/2026

Aaron Davison, Attorney for the Defendant           Date

*Jennifer C. Nucci*

4/17/2026

Jennifer C. Nucci, Assistant U.S. Attorney          Date

RECOMMENDED BY U.S. PROBATION:

4/17/2026

John Seth Coleman,                                  Date
Supervising U.S. Probation Officer

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the supervised release term heretofore granted be revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for 44 months.

**IT IS FURTHER ORDERED** that the Clerk provide the U.S. Marshal a copy of this Order and same shall serve as the commitment herein.

SO ORDERED. This the **20** day of April, 2026.

*Dever*

JAMES C. DEVER III
U.S. District Judge